IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SEYBERT<br>    Plaintiff,<br><br>v.<br><br>THOMAS W. PETRARCA CORP.<br>    Defendant. | )<br>)<br>)<br>)   Civil Action No. 05-0916<br>)<br>)<br>) |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                                       October 28, 2005

      This is an action in breach of contract. Plaintiff, Michael Seybert, alleges that defendant, Thomas W. Petrarca, breached a sales agreement for the sale of a Butler County liquor license. Plaintiff seeks specific performance and compensatory damages.

      Plaintiff has filed a motion for reconsideration of this court's September 22, 2005 order extending the deadline for the filing of defendant's answer and a motion to strike the September 22, 2005 paper filed by defendant seeking to extend the answer deadline [doc. no. 8]. For the following reasons, both of plaintiff's motions will be denied.

      Defendant's answer was originally due on September 26, 2005.[1] On September 22, 2005, defendant filed a document

---

[1] Although plaintiff now contends that this deadline was erroneous because the answer should have been due no later than August 31, 2005, plaintiff never objected, until now, to the August 18, 2005 docket entry setting the September 26, 2005 deadline.

captioned "Motion Stipulating Extending Filing Date" seeking an extension to November 10, 2005 of that deadline. The extension was granted by order of court signed September 22, 2005. Plaintiff contends that, contrary to the caption on and Local Rule cited in defendant's September 22, 2005 filing, plaintiff never consented to an extension of time to answer. Therefore, plaintiff argues that the filing should be treated as a motion, and denied. Even though defendant captioned its document as a stipulation under Local Rule 7.2, the court treated it as a motion for an extension of time to file an answer. Defendant had complied with the requirements of Rule 6(b) for seeking an enlargement of time, and therefore the court granted the motion. Fed. R. Civ. P. 6(b). The deadline for filing an answer to the complaint was properly extended to November 10, 2005. Plaintiff's motion for reconsideration is denied.

Plaintiff's motion to strike defendant's September 22, 2005 filing is also denied. Plaintiff contends that this document should be stricken, and default entered for failure to answer, because it was not filed by an attorney admitted to practice before this court. While this appears to be true, we will not impose the sanction of default for the oversight at this early point in the case. However, we will direct attorney Hull, or any other attorney who will be filing defendant's answer in the coming days, to seek admission pro hac vice before this court if he is

AO 72A
(Rev.8/82)

not already a member of the bar of this court. Attorney Hull, or any other of defendant's attorneys, should familiarize himself with the rules and procedures of this court, such as those related to the format of papers to be presented for filing so that future filings conform to the requirements of this court. See e.g., W.D.PA.LR. 5.1B (text must be double spaced).

Therefore, this 28th day of October, 2005, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration and motion to strike document [doc. no. 8] are DENIED. As set forth in this court's September 22, 2005 order, defendant shall file its answer no later than November 10, 2005. Such answer shall be in the proper form, and filed by an attorney admitted to practice before this court, or one seeking admission pro hac vice.

BY THE COURT:

_____, J.

cc:   All Counsel of Record