IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
MICHAEL SEYBERT           )
     Plaintiff,           )
                          )
  v.                      )   Civil Action No. 05-0916
                          )
THOMAS W. PETRARCA CORP.  )
     Defendant.           )
```

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                July 5, 2006

  This is an action in breach of contract. Plaintiff, Michael Seybert, alleges that defendant, Thomas W. Petrarca, breached an agreement for the sale of a Butler County liquor license. Plaintiff seeks specific performance and compensatory damages.

  Plaintiff has filed two motions: (1) a motion to compel answers to interrogatories and requests for the production of documents [doc. no. 23]; and (2) a motion for sanctions [doc. no. 24]. Discovery ended on June 6, 2006.

  Plaintiff's motion to compel is moot. In that motion, plaintiff alleged that defendant had failed to provide any response to his discovery requests. Plaintiff asked that this court direct defendant to answer the discovery requests. It is undisputed that defendant has now responded to these discovery requests. The court can no longer grant plaintiff the relief he sought. Therefore, the motion to compel is moot.

Plaintiff contends in his briefing on the motion for sanctions that the discovery responses that it did finally receive were inadequate. However, he has not filed a motion to compel on this basis. Nor has plaintiff provided the court with a copy of defendant's responses. Under such circumstances, we cannot rule on the adequacy of defendant's responses.

Plaintiff's motion for sanctions will also be denied. Plaintiff contends that the court should enter a default judgment against defendant due to his alleged discovery violations. In the alternative, plaintiff claims that we should at least make an adverse inference instruction. Plaintiff has not established that such harsh sanctions are appropriate in this case. Even the lesser sanction of an adverse inference is appropriate only where there has been a complete failure to produce evidence within a party's possession or control, or a party has destroyed evidence. Gumbs v. Int'l Harvester, Inc., 718 F.2d 88, 96 (3d Cir. 1993). Although plaintiff alleges that defendant has failed to produce witnesses for deposition and failed to adequately respond to discovery, upon review of the facts, we cannot find that defendant has completely failed to participate in discovery. There is certainly no proof that defendant destroyed evidence. Finding that the lesser sanction is not available, we decline to impose the more harsh sanction of entering a default judgment. Plaintiff's motion for sanctions is denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SEYBERT<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 05-0916<br>) |
| THOMAS W. PETRARCA CORP.<br>    Defendant. | )<br>) |

AND NOW, the 5th day of July, 2006, IT IS HEREBY ORDERED that plaintiff's motion to compel answers to interrogatories and requests for the production of documents [doc. no. 23], and plaintiff's motion for sanctions [doc. no. 24] are DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record